IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0481-10






PABLO LOPEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., delivered the opinion of the Court in which Keller, P.J.,
Price,Womack, Keasler, Hervey, and Cochran, JJ., joined. Meyers and Alcala,
JJ., did not participate.


O P I N I O N 


 

 Appellant was indicted for aggravated sexual assault of a child. (1) In January 2008, a jury
convicted appellant and assessed punishment at fifty years in prison. On direct appeal, the court of
appeals reversed appellant's conviction, based on a finding of ineffective assistance of counsel, and
remanded the case to the trial court for further proceedings. (2) We granted the state's petition for
discretionary review to determine whether the court of appeals erred in reversing the trial court on
grounds of ineffective assistance of counsel when the record is silent as to whether trial counsel's
acts or omissions were based upon tactical decisions. After examining the record, we reverse the
court of appeals's judgment and remand this cause to that court for further proceedings. 

The Appeal

 The court of appeals found that appellant was denied his right to effective assistance of
counsel (3) when appellant's trial counsel: (1) failed to raise the provisions of article 38.072 of the
Texas Code of Criminal Procedure and limit the amount of hearsay (4) that could be admitted; and (2)
failed to object to inadmissible opinion testimony. (5) 

 According to the court of appeals, article 38.072 allows the admission of a hearsay statement
made to an outcry witness by certain abuse victims, including child victims of a sexual offense. The
outcry witness is the first person over the age of 18, other than the defendant, to whom the child
spoke about the offense. (6) The statement must be "more than words which give a general allusion
that something in the area of child abuse is going on"; it must be made in some discernable manner
and is event-specific rather than person-specific. (7) Hearsay testimony from more than one outcry
witness may be admissible under article 38.072 only if the witnesses testify about different events. (8) 
There may be only one outcry witness per event. (9) In order to invoke the statutory exception, the
party intending to offer the statement must notify the adverse party of the names of the outcry
witnesses and a summary of their testimonies, the trial court must conduct a reliability hearing of the
witnesses outside the presence of the jury, and the child victim must testify or be available to testify
at the proceeding. (10) 

 The court of appeals noted that, although the state gave notice of its intention to present the
outcry testimony of both Maria Benavides and Claudia Mullin, the state also presented the hearsay
testimony of a third witness, Toni Sika. No reliability hearing was conducted, nor was one requested
by trial counsel. All three witnesses testified to the same events; thus, the testimonies of at least two
outcry witnesses constituted inadmissible hearsay and were improper bolstering of B.R.'s testimony,
serving solely to enhance B.R.'s credibility--the sole issue in this case--in violation of rule 613 (c)
of the Texas Rules of Evidence. The record is silent as to trial counsel's reason for not objecting to
the improper testimony, but the court of appeals found that no reasonably sound trial strategy was
plausible. It therefore concluded that counsel's performance fell below an objective standard of
reasonableness. (11) 

 The court of appeals also found counsel's performance deficient for failing to object to direct
opinion testimony by Claudia Mullin and Officer Parrie as to B.R.'s truthfulness. Direct opinion
testimony about the truthfulness of another witness, without prior impeachment, is inadmissible (12)
as it does more than "assist the trier of fact to understand the evidence or to determine a fact in
issue." (13) The court of appeals found that, because there was no reasonable strategy for not opposing
the admission of the opinion testimony about complainant's credibility, (14) the sole issue at trial, trial
counsel's failure to object to it fell below a reasonable standard of performance. (15) 

 The court of appeals then conducted a harm analysis and concluded that "the jury was
exposed to a barrage of inadmissible testimony concerning B.R.'s credibility, when the sole issue
at trial was her credibility. . . . We can only reasonably conclude that the testimony of B.R. was
bolstered immeasurably by the inadmissible testimony . . .." (16) The court of appeals concluded that
appellant was prejudiced by the deficiency and had met his burden of proof under the
Strickland/Hernandez standard. 

On Petition for Discretionary Review

 The state filed a petition for discretionary review with this Court, arguing that the court of
appeals erred in finding trial counsel's representation ineffective in the face of a silent record and
without an explanation from trial counsel. The state argues that trial counsel's acts and omissions
could have been based on tactical decisions: trial counsel may have strategically decided to allow
all three witnesses to testify about B.R.'s statements in order to expose inconsistencies in her
outcries, thereby challenging her truthfulness and raising the claim that B.R.'s mother was the one
who actually abused her. (17) The state maintains that trial counsel may have chosen not to request an
article 38.072 hearing in order to limit the number of outcry witnesses because it would have been
counter-productive to his strategy. 

 The state has presented several theories why trial counsel did not object to Officer Parrie's
opinion testimony, including that counsel may have believed that it was already clear to the jury that
Officer Parrie believed B.R., as he was the one who filed charges against appellant and counsel
wanted to examine the basis for that belief. Or trial counsel could have been trying to emphasize that
Officer Parrie never interviewed B.R. before forming his opinion and that his investigation consisted
of comparing B.R.'s videotaped interview to the story she conveyed to other witnesses. 

 Finally, the state suggests that counsel may have believed that Claudia Mullin's testimony
that B.R.'s "disclosure seemed very credible" was not the functional equivalent of saying that B.R.
was a truthful person and was not objectionable under Schutz (18) and Cohn. (19) Or counsel could have
decided not to object because Mullin's use of the word "seemed" was sufficiently qualifying and
therefore not worth the extra attention that would be drawn to the testimony by objecting. (20) Finally,
counsel may not have objected so that the jury would not think that he was hiding something from
them. The state urges this Court to find that, because there may have been any number of reasons
why defense counsel did not object, the court of appeals erred in finding, from a silent record, that
defense counsel's actions were deficient. 

Standard of Review

 The court of appeals correctly cited the standard of review for a claim of ineffective
assistance of counsel. The Sixth Amendment to the United States Constitution, and section ten of
Article 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a
criminal prosecution. (21) The right to counsel requires more than the presence of a lawyer; it
necessarily requires the right to effective assistance. (22) However, the right does not provide a right
to errorless counsel, (23) but rather to objectively reasonable representation. (24) 

 To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in Strickland, (25) and adopted by Texas two years
later in Hernandez. (26) Appellant must show that (1) counsel's representation fell below an objective
standard of reasonableness, and (2) the deficient performance prejudiced the defense. (27) Unless
appellant can prove both prongs, an appellate court must not find counsel's representation to be
ineffective. (28) In order to satisfy the first prong, appellant must prove, by a preponderance of the
evidence, that trial counsel's performance fell below an objective standard of reasonableness under
the prevailing professional norms. To prove prejudice, appellant must show that there is a
reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the
result of the proceeding would have been different. (29) 

 An appellate court must make a "strong presumption that counsel's performance fell within
the wide range of reasonably professional assistance." (30) In order for an appellate court to find that
counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record;
the court must not engage in retrospective speculation. (31) "It is not sufficient that appellant show,
with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of
questionable competence." (32) When such direct evidence is not available, we will assume that
counsel had a strategy if any reasonably sound strategic motivation can be imagined. (33) In making
an assessment of effective assistance of counsel, an appellate court must review the totality of the
representation and the circumstances of each case without the benefit of hindsight. (34) While a single
error will not typically result in a finding of ineffective assistance of counsel, an egregious error may
satisfy the Strickland prongs on its own. (35)

 In the rare case in which trial counsel's ineffectiveness is apparent from the record, an
appellate court may address and dispose of the claim on direct appeal. (36) Allowing this disposition
alleviates the unnecessary judicial redundancy and burden on the trial courts of holding additional
hearings in writ applications when no additional evidence is necessary to the ultimate disposition of
the case. (37) However, this is a difficult hurdle to overcome: the record must demonstrate that
counsel's performance fell below an objective standard of reasonableness as a matter of law, and that
no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her
subjective reasoning. (38)

 This Court has repeatedly stated that claims of ineffective assistance of counsel are generally
not successful on direct appeal and are more appropriately urged in a hearing on an application for
a writ of habeas corpus. (39) On direct appeal, the record is usually inadequately developed and "cannot
adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits
of such a serious allegation." (40) Unlike other claims rejected on direct appeal, claims of ineffective
assistance of counsel rejected due to lack of adequate information may be reconsidered on an
application for a writ of habeas corpus. (41)

Conclusion 

 The record is silent as to why trial counsel failed to object to the outcry-witness testimony. 
The record could have been supplemented through a hearing on a motion for new trial, but appellant
did not produce additional information about trial counsel's reasons for allowing all three outcry
witnesses to give similar testimony about the same events or for allowing opinion testimony about
the credibility of the complainant, both without objection. Appellant has thus failed to meet his
burden under the first prong of Strickland, and the court of appeals erred in finding otherwise. 
Because appellant failed to meet his burden on the first prong of Strickland, we need not consider
the requirements of the second prong.

 We reverse the judgment of the court of appeals and remand the cause to that court so that
it may address appellant's remaining issues. 


Delivered: June 15, 2011

Publish
1. Tex. Penal Code § 22.021. The offense at hand was allegedly committed on or about July 1, 2001.
Accordingly, we will apply the former version of § 22.021 in effect in 2001. 
2. Lopez v. State, 315 S.W.3d 90 (Tex. App.--Houston [1st Dist.] 2010, pet. filed). 
3. U.S. Const. amend. VI; Tex. Const. art. 1, § 10. 
4. Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or
hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d).
5. Lopez, 315 S.W.3d at 93. 
6. Tex. Code Crim. Proc. art. 38.072, § 2 (a)(3). 
7. Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). 
8. Broderick v. State, 35 S.W.3d 67, 73-74 (Tex. App.--Texarkana 2000, pet. ref'd). 
9. Id. 
10. Tex. Code Crim. Proc. art. 38.072, § 2 (b)(1)(A-C). 
11. Lopez v. State, 315 S.W.3d 90, 99 (Tex. App.--Houston [1st Dist.] 2010, pet. filed). 
12. Tex. R. Evid. 608; see Tex. R. Evid. 701; see also Tex. R. Evid. 702. 
13. Yount v. State, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993). 
14. Lopez, 315 S.W.3d at 101. 
15. Id. 
16. Id. at 102. 
17. Specifically, the state argues that counsel exposed four major inconsistencies: (1) B.R. did not tell Toni
Sika that appellant penetrated her despite having spoken to Sika for "several hours"; (2) B.R. told Toni Sika that
appellant fondled her, touched her, and pulled her panties down, while she told Maria Benavides that appellant
"tried" to penetrate her, and told Claudia Mullin that appellant, "[got] halfway in"; (3) that B.R. never informed
Maria Benavides about appellant's abuse, even though B.R. was in constant communication with Benavides and
complained about problems with her mother; and (4) Maria Benavides testified that B.R. wanted to come and live
with Benavides, even after appellant moved out of the house. 
18. Schutz v. State, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997).
19. Cohn v. State, 849 S.W.2d 817, 818-819 (Tex. Crim. App. 1993).
20. See Alberts v. State, 302 S.W.3d 495, 506 n.7 (Tex. App.--Texarkana 2009, no pet.)
21. U.S. Const. amend. VI; Tex. Const. art. 1, § 10. 
22. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970); Powell v. Alabama, 287 U.S. 45, 57 (1932). 
23. Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).
24. Strickland v. Washington, 466 U.S. 668, 686 (1984). 
25. Id. at 687. 
26. Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
27. Strickland, 466 U.S. at 689. 
28. Id. at 687. 
29. Id. 
30. Robertson, 187 S.W.3d at 483 (citing Strickland, 466 U.S. at 689). 
31. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)
.
32. Mata v. State, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). 
33. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). 
34. Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). 
35. Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992) (counsel's failure to request jury
instruction on issue of necessity when appropriate was both deficient and prejudicial); see Thompson, 9 S.W.3d at
813 (stating that "while this Court has been hesitant to 'designate any error as per se ineffective assistance of counsel
as a matter of law,' it is possible that a single egregious error of omission or commission by appellant's counsel
constitutes ineffective assistance."). 
36. Massaro v. United States, 538 U.S. 500, 508 (2003); Robinson v. State, 16 S.W.3d 808, 813 (Tex. Crim.
App. 2000).
37. Thompson, 9 S.W.3d at 817 (Meyers, J., dissenting). 
38. Strickland v. Washington, 466 U.S. 686, 690 (1984); Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim.
App. 2005). 
39. Bone v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002); Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002); see Nailor v. State, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004). 
40. Bone, 77 S.W.3d at 833 (quoting Thompson, 9 S.W.3d at 813-814). 
41. Compare Nailor, 149 S.W.3d at 131, with Ex parte Acosta, 672 S.W.2d 470, 471-72 (Tex. Crim. App.
1984) (claims raised and rejected on direct appeal are generally not cognizable on habeas corpus).