IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,485-01






EX PARTE SERENA STAGLIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-08-01156-K IN THE CRIMINAL DISTRICT COURT NO. 4


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The conviction and sentence were affirmed on direct appeal in
an unpublished opinion. Staglin v. State, No. 05-08-01639-CR (Tex. App. - Dallas del. Jan. 28,
2011).

 Applicant contends the trial court committed error and her trial counsel rendered ineffective
assistance. According to the direct appeal opinion, Applicant was initially charged with capital
murder, and the charge was reduced to recklessly causing serious bodily injury to a child. Applicant
entered an open plea of guilty. The trial court accepted the plea, found her guilty, and proceeded to
hear evidence pertaining to punishment. According to the opinion, based on the evidence presented,
including Applicant's testimony, the trial court concluded Applicant's innocence had been
reasonably and fairly raised and the evidence of her innocence had not been withdrawn. The trial
court sua sponte withdrew the guilty plea, entered a plea of not guilty on Applicant's behalf, and set
the case for a jury trial.

 Applicant's first claim on appeal was that the trial court erred in withdrawing her guilty plea
and setting the case for trial after the trial court accepted a plea agreement. In rejecting the claim, the
appellate court noted that the record contained no plea agreement and that Applicant was specifically
admonished, "there is no plea bargain agreement in this case." The appellate court then determined
Applicant's argument that the trial court acted inappropriately was waived when Applicant failed
to raise the issue at re-indictment or at the subsequent capital murder jury trial. Applicant raises the
same claim of trial court error in her habeas application, but because the issue was raised and
rejected on direct appeal, it is barred from further consideration. See Ex parte Acosta, 672 S.W.2d
470 (Tex. Crim. App. 1984).

 Even though the bare trial court error claim raised above is procedurally barred, Applicant
alleges her trial counsel was ineffective for waiving the issue. This same ineffective assistance of
counsel claim was also raised on direct appeal but was not addressed on its merits because the record
did not reflect trial counsel's strategy. The issue, therefore, is not procedurally barred and is properly
raised before this Court on habeas. See Ex parte Nailor, 149 S.W.3d 125 (Tex. Crim. App. 2004).

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 16, 2012

Do not publish