IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,475-01




EX PARTE ROCKY DEE HIDROGO, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CCCR-08-03104-A IN THE 220TH DISTRICT COURT
FROM COMANCHE COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life in prison. The Eleventh Court of Appeals affirmed the conviction. Hidrago
v. State, 352 S.W.3d 27, No. 11-09-00310-CR (Tex.App.—Eastland 2011).
            At trial, an accomplice testified that he dropped off Applicant to burglarize the victim’s home
and that when the accomplice picked him up a short time later, Applicant admitted to shooting the
victim. Other inculpatory evidence linked Applicant to the crime scene. In his defense, Applicant
attempted to introduce testimony regarding text messages that had not been preserved, although a
police officer did take notes regarding them. The texts indicated that the accomplice’s brother had
some involvement in or had committed the murder because he had made a statement against self-interest heard by the text messages’ sender. The texts had been sent to Applicant’s16-year-old niece
from a phone belonging to another minor. Applicant wanted to introduce the substance of the text
messages through witnesses who had read them, but the State objected on hearsay grounds. The trial
court sustained the objections, and the rulings were upheld on direct appeal.
            Applicant argues that counsel should have called to testify the minor who allegedly heard
what the accomplice’s brother had said as a statement against self-interest rather than attempt to offer
the evidence through testimony regarding the substance of the text messages. There is no response
from trial counsel regarding why he did not call the minor or another person mentioned in the text
messages who also allegedly heard the statement against self-interest.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 
 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            Applicant also alleges that trial counsel was ineffective for failing to object to the police’s
non-preservation of the text messages for use at trial. It appears that counsel did make such an
objection, and in any event, because the text messages constituted inadmissible hearsay, Applicant
cannot show how he was harmed, so the claim lacks merit. See Strickland v. Washington, supra.
Applicant also raises due process challenges regarding the non-availability of the text messages for
use as evidence at trial, regarding items found in the victim’s home that were excluded from
evidence by the trial court, and regarding DNA evidence admitted at trial. These claims were either
raised and rejected on direct appeal or should have been raised on direct appeal, so they are
procedurally barred from consideration in collateral review. See Ex parte Gardner, 959 S.W.2d 189,
198-200 (Tex. Crim. App. 1996); Ex parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: November 27, 2013
Do not publish