IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,214-02






EX PARTE GUSTAVO JULIAN GARCIA









ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. W366-80185-91 (HC) IN THE 366TH JUDICIAL

DISTRICT COURT OF COLLIN COUNTY





 Per curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 A jury convicted applicant of the offense of capital murder. The jury also answered
the special issues submitted pursuant to the Texas Code of Criminal Procedure in favor of
the State. The convicting court, accordingly, set punishment at death. This Court affirmed
applicant's conviction on direct appeal, but his sentence was vacated by a federal district
court. Garcia v. State, 919 S.W2d 370 (Tex. Crim. App. 1996) (reversed and remanded on
original submission; affirmed on rehearing), sentence vacated in Garcia v. Johnson, No.
1:99cv134TH (E.D. Tex. delivered Sept. 7, 2000). After a second punishment hearing, the
jury again answered the special issues submitted pursuant to the Texas Code of Criminal
Procedure in favor of the State, and applicant was sentenced to death. This Court affirmed
applicant's sentence on direct appeal. Garcia v. State, No. 71,417 (Tex. Crim. App.
delivered Nov. 12, 2003).

 In this writ application, applicant presents eighty-eight allegations in which he
challenges the validity of his conviction and the resulting sentence. A hearing was not held,
but the convicting court has entered findings of fact and conclusions of law recommending
that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant,
and based upon our own independent review of the record, relief is denied as follows:

 1. The following allegations are procedurally barred from habeas review because
they have already been raised and rejected on direct appeal, see Ex parte
Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984): Applicant's claims
numbered 12, 13, 14, 15, 18, 20, 38, 43, and 85;

 2. The following allegations are procedurally defaulted and barred from habeas
review because they were available to be raised on direct appeal but were not,
see Ex parte Gardner, 959 S.W.2d 189, 198-200 (Tex. Crim. App. 1996):
Applicant's claims numbered 1, 2, 3, 5, 6, 7, 8, 19, 21, 22, 23, 24, 25, 26, 27,
28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, and 44;

 3. Applicant's ineffective assistance of counsel allegations, claims number 4, 9,
11, 16, 17, 84, 86, and 87, are without merit; we further agree with the trial
court's findings and conclusions that applicant has failed to demonstrate
deficient performance or prove resulting harm, see Strickland v. Washington,
466 U.S. 668, 694 (1984);

 4. Applicant's allegation raised under Brady v. Maryland, 373 U.S. 83, 87
(1963), claim number 10, is without merit; we further agree with the trial
court's findings and conclusions that applicant has failed to demonstrate that
the State did not turn over evidence favorable to him that was material to either
guilt or punishment; and

 5. Applicant's allegations numbered 80, 81, 82, 83, and 88 are inadequately
briefed for review and will not be considered by this Court, see Ex parte
Maldonado, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985); Alvarado v. State, 
912 S.W.2d 199, 210 (Tex. Cr. App. 1995);

 Applicant's remaining allegations, numbered 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55,
56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and
79, address issues that pertain only to the guilt phase of Applicant's trial, which was not
vacated. See Garcia v. State, 919 S.W2d 370 (Tex. Crim. App. 1996) (affirming conviction
and sentence on rehearing); Garcia v. Johnson, No. 1:99cv134TH (E.D. Tex. delivered Sept.
7, 2000) (vacating sentence only); Garcia v. State, No. 71,417 (Tex. Crim. App. delivered
Nov. 12, 2003) (affirming sentence). These claims, therefore, are tantamount to a subsequent
writ application and are dismissed pursuant to the provisions of Article 11.071 § 5.

 IT IS SO ORDERED THIS THE 15TH DAY OF OCTOBER, 2008.


Do Not Publish