IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,616-01






EX PARTE JAMES LEVERN GORDON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16085B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY





 

 Per curiam.


 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). After entering an open guilty
plea, Applicant was convicted of possession with intent to deliver cocaine as a repeat
offender and was sentenced to life imprisonment. The conviction was affirmed on direct
appeal. Gordon v. State, No. 11-09-00051-CR (Tex. App. - Eastland del. Jul. 15, 2010).

 In his habeas application, Applicant asserts that his trial counsel misrepresented to him
that his state sentence would run concurrent to one or more federal sentences and that his
guilty plea was based on this misrepresentation, making it involuntary. Involuntary-plea
claims are cognizable on habeas review, Ex parte Wilson, 716 S.W.2d 953 (Tex. Crim. App.
1986), and a plea of guilty entered by an applicant fully aware of the direct consequences
must stand unless induced by threats, misrepresentation, or improper promises, Ex parte
Morrow, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). There is no affidavit in the record
from trial counsel addressing this claim. Applicant also alleges that trial counsel did not
inform him he could withdraw his guilty plea. But the record shows the plea was without a
plea agreement, so there was no right to withdraw. See Tex. Code Crim. Proc. art.
26.13(a)(2). Applicant's second claim raises the same issue litigated on direct appeal. It is
therefore procedurally barred from further litigation in this habeas proceeding. See Ex parte
Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).

 Regarding his involuntary plea claim, Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order
Applicant's trial counsel to respond to Applicant's claim by filing an affidavit with the trial
court. In addition to obtaining this affidavit, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the issues. In the appropriate case, the trial
court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel made the alleged
misrepresentation to Applicant that Applicant's state sentence would run concurrent to one
or more federal sentences and whether Applicant's guilty plea was involuntary because of
the alleged misrepresentation. The trial court shall also make any other findings of fact that
it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with trial counsel's affidavit and
the trial court's supplemental findings of fact, shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 9, 2011

Do not publish