IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-39,707-03





EX PARTE BILLIE WAYNE COBLE







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 1989-1036-C2 IN THE
 54TH DISTRICT COURT FROM MCLENNAN COUNTY




 Per Curiam. 

 

 ORDER



 

 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071, Tex. Code Crim. Proc.

 Applicant was originally convicted of the offense of capital murder in 1990. The jury
answered the special issues submitted under Article 37.071, TEX. CODE CRIM. PROC., and
the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Coble v. State, 871 S.W.2d 192 (Tex. Crim. App.
1993). In 2007, the Fifth Circuit Court of Appeals granted habeas relief and remanded the
case for a new trial on punishment. Coble v. Quarterman, 496 F.3d 430 (5th Cir. 2007). On
retrial in 2008, a second jury sentenced applicant to death. This Court affirmed the judgment
and sentence on direct appeal. Coble v. State, 330 S.W.3d 253 (Tex. Crim. App. 2010), cert.
denied, 131 S. Ct. 3030 (2011).

 Applicant presents twenty allegations in his application in which he challenges the
validity of his judgment and sentence. The trial court held an evidentiary hearing and entered
findings of fact and conclusions of law recommending that the relief sought be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions. Additionally, regarding ground for
relief fourteen, while we note that the trial court's findings and conclusions are valid on the
merits, the issue is not cognizable on habeas review. See Ex parte Alba, 256 S.W.3d 682 (Tex.
Crim. App. 2008). Grounds for relief one, four, five, seven, eight, ten, eleven, and fifteen
through eighteen are also procedurally barred. See Ex parte Banks, 769 S.W.2d 539 (Tex. Crim.
App. 1989); Ex parte Acosta, 672 S.W.2d 470 (Tex. Crim. App. 1984). Therefore, based upon the
trial court's findings and conclusions and our own review, we deny relief. 

 IT IS SO ORDERED THIS THE 8TH DAY OF FEBRUARY, 2012.

 

Do Not Publish