IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,940-01






EX PARTE TOMAS RAUL GALLO









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 940093 IN THE 182nd JUDICIAL DISTRICT COURT


HARRIS COUNTY






 Per Curiam. PRICE, J., filed a concurring statement in which JOHNSON, J.,
joined.


O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071 of the Texas Code of Criminal Procedure.

 Applicant was convicted of the offense of capital murder in February 2004. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. The
conviction was affirmed on direct appeal. Gallo v. State, 239 S.W.3d 757 (Tex. Crim.
App. 2007). 

 Applicant presents thirty-eight allegations in his application in which he challenges
the validity of his conviction and resulting sentence. The trial court adopted the State's
proposed findings of fact and conclusions of law recommending that the relief sought be
denied.

 A jury determined the issue of mental retardation at Applicant's trial in 2004. Dr.
George Carl Denkowski testified as an expert witness for the State on the issue of mental
retardation. In his first habeas allegation, Applicant asserts that Denkowski "could not
conclude that Applicant was not mentally retarded without rejecting the accepted clinical
mental health definitions of mental retardation and the accepted techniques used to
classify under those clinical mental health definitions of mental retardation." Applicant
asserts that, as a result, he "was denied a fair trial, as well as being denied his rights under
the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution." 
On direct appeal, we rejected Applicant's challenge to the sufficiency of the evidence to
support the jury's answer to the mental retardation special issue. See Ex parte Acosta,
672 S.W.2d 470, 472 (Tex. Crim. App. 1984)(holding that we need not address habeas
claims that were raised and rejected on direct appeal); see also Ex parte Reynoso, 257
S.W.3d 715, 723 (Tex. Crim. App. 2008). 

 In April 2011, subsequent to the filing of the instant habeas application,
Denkowski entered into a Settlement Agreement with the Texas State Board of
Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this
Settlement Agreement, Denkowski agreed to not accept any engagement to perform
forensic psychological services in the evaluation of subjects for mental retardation or
intellectual disability in criminal proceedings. The trial court, in its findings and
conclusions, has evaluated the merits of Applicant's first habeas allegation in light of the
Denkowski Settlement Agreement. (1) We have reviewed the record and the trial court's
findings of fact and conclusions of law. Based upon the trial court's findings and
conclusions (with the exception of findings #51 and #53) and our own review, we deny
relief on Applicant's first habeas allegation.

 This Court has reviewed the record with respect to the remaining allegations made
by Applicant. We adopt the trial judge's findings and conclusions pertaining to
Applicant's remaining allegations, except for finding #136. Based upon the trial court's
findings and conclusions and our own review, we deny relief on the remaining
allegations. 

 IT IS SO ORDERED THIS THE 9TH DAY OF JANUARY , 2013.


Do Not Publish
1. Applicant has filed a "Suggestion to Remand Cause for Trial Court to Render Initial
Findings," asking this Court to remand this cause to the trial court to reconsider its findings and
conclusions in light of the Denkowski Settlement Agreement. However, the trial court has sua
sponte taken the Denkowski Settlement Agreement into account in its review of Applicant's
claim. Thus, we decline Applicant's suggestion to remand this cause to the trial court.