IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,135-01 and WR-78,135-02






EX PARTE CHARLES VICTOR THOMPSON








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. 782657 IN THE 262ND JUDICIAL DISTRICT COURT


HARRIS COUNTY






 Per curiam.



O R D E R



 These are post conviction applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in April 1999 of capital murder committed on April 30,
1998. Tex. Penal Code Ann. § 19.03(a)(7). Based on the jury's answers to the special
issues set forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and
2(e), the trial court sentenced him to death. Art. 37.071, § 2(g). (1) This Court affirmed
applicant's conviction on direct appeal but vacated the sentence and remanded the cause for
a new hearing on punishment. Thompson v. State, 93 S.W.3d 16 (Tex. Crim. App. 2001). 
At the retrial on punishment, the jury answered the special issues as before, and applicant
was again sentenced to death. We affirmed the sentence on direct appeal. Thompson v.
State, No. AP-73,431, 2007 Tex. Crim. App. Unpub. LEXIS 320 (Tex. Crim. App. October
31, 2007).

 Applicant filed an application for writ of habeas corpus following his first conviction
and sentence, and he filed a second application following the retrial on punishment. He
presents seventeen allegations in his first application and fourteen allegations in his second
application. The trial court did not hold a live evidentiary hearing. As to all of these
allegations, the trial judge entered findings of fact and conclusions of law and recommended
that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions. We note that in Findings and Conclusions p.6, paragraph 26, on the first line,
the phrase "at punishment" should be "at the guilt-innocence phase." In addition, although
the trial court's findings and conclusions of law are correct, Allegations 1, 2, and 3 in the
first application are not cognizable. See Ex parte Chi, 256 S.W.3d 702 (Tex. Crim. App.
2008). Further, we need not address Allegation 17, which purports to incorporate claims
previously raised on direct appeal. See Ex parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim.
App. 1984).

 Allegations 2, 3, 4, 5, 7, 9, 10, and 11 in the second application should have been
raised on direct appeal. See Ex parte Banks, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). 
We need not address Allegation 13, which purports to incorporate claims previously raised
on direct appeal. Based upon the trial court's findings and conclusions and our own review
of the record, relief is denied.

 IT IS SO ORDERED THIS THE 17TH DAY OF APRIL, 2013.

Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.