**EX PARTE Mabry J. LANDOR III, Applicant**

**NO. WR–81,579–01**

Court of Criminal Appeals of Texas.

FILED: November 2, 2016

Kurt B. Wentz, for Mabry J. Landor III.

For majority opinion, see 2016 WL 6518677.

**CONCURRING OPINION**

RICHARDSON, J., filed a concurring opinion in which KELLER, P.J., KEASLER and HERVEY, JJ., joined.

In Claims 1 through 4 of his writ application, Applicant asserts that his trial counsel was ineffective because he failed to object to the jury charge and request an

instruction on the voluntariness of his videotaped statement. Applicant presented the affidavit of Laine D. Lindsey, his lead trial counsel, dated March 29, 2011, wherein Mr. Lindsey states that, "[He] did not object to the trial court's charge at guilt/innocence or request additional charges on the voluntariness of [Applicant's] statement to Sgts. Harris and Roberts. This was not done as a matter of trial strategy."

This Court denies Applicant's claims of ineffective assistance of counsel (Claims 1 through 4) because they were raised and rejected on direct appeal—a procedural bar to relief.[1] I join in the Court's decision to deny Applicant relief.[2] I write separately to address the denial of Applicant's claims of ineffective assistance of counsel because they were raised and rejected on direct appeal.

Because an applicant's direct appeal record usually contains insufficient evidence to evaluate a claim of ineffective assistance of counsel, the rejection of such claim on direct appeal generally does not bar relitigation of such claim on habeas corpus.[3] "If the appellate court rejects a claim of ineffective assistance because the record on direct appeal does not contain sufficient information to adequately address and resolve a particular allegation of counsel's deficient performance, the defendant may re-urge consideration of that specific act or omission in a later habeas corpus proceeding if he provides additional evidence to

---

1. *Ex parte Hood*, 304 S.W.3d 397, 402 n.21 (Tex. Crim. App. 2010) (holding that "this Court does not re-review claims in a habeas corpus application that have already been raised and rejected on direct appeal."); *see also Ex parte Acosta*, 672 S.W.2d 470, 471–72 (Tex. Crim. App. 1984).

2. The underlying facts of this case are set out in detail the Court's opinion affirming Applicant's conviction and sentence on direct appeal. *Landor v. State*, No. AP–76,328, slip op. (Tex. Crim. App. June 29, 2011) (not designated for publication).

3. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

prove his claim."[4] The key is whether Applicant "provide[d] additional evidence to prove his claim." In this case, he did not.

Mr. Lindsey's affidavit simply reiterates Applicant's assertion that Mr. Lindsey did not object or request an instruction regarding the voluntariness of Applicant's statement. Mr. Lindsey provides no explanation for such inaction, but simply states that it was not due to trial strategy. Considering the record as a whole, this brief comment is not sufficient to support a review of the merits of such claim beyond that already conducted by this Court. On direct appeal, this Court found that, regardless of trial counsel's performance, strategy, or lack of strategy behind such performance, even if counsel's performance in this regard was deficient, Applicant (then, Appellant) had not shown prejudice under *Strickland v. Washington*:[5]

> Even if counsel's performance were deficient, appellant has not shown prejudice. We have already found the absence of various jury instructions (Article 38.22, § 6, Article 38.23, and culpable mental state) to be harmless. Although the prejudice prong of *Strickland* and the harm standards discussed earlier are not the same, the reasons expressed above are sufficient for us to conclude that prejudice under *Strickland* has not been shown.
>
> ... [I]n any event, the other evidence against appellant was so overwhelming that we are confident he would have been convicted even if the jury disregarded his confession.
>
> Finally, with respect to appellant's complaint that his § 7 instructions

should have been better, appellant contends that he was prejudiced because the instructions failed to "apply the law to appellant's testimony concerning his attempts to terminate the interview and remain silent." But appellant was not entitled under § 7 to instructions that applied the law to the facts. Moreover, appellant received an instruction that required the jury to disregard the confession unless it determined "beyond a reasonable doubt that prior to and during" the confession, "the defendant knowingly, intelligently, and voluntarily waived" his rights, including his right to remain silent and his right to terminate the interview. This instruction enabled the jury to disregard the confession if, consistent with appellant's testimony, it believed that appellant did not voluntarily waive his right to terminate the interview. In any event, we again point out that we are confident, in light of the overwhelming evidence, that the jury would have convicted appellant even if it had disregarded his confession.[6]

This Court's rejection of Applicant's ineffective assistance allegations on direct appeal did not hinge on his failure to prove deficient performance due to an inadequate record. Accordingly, I agree with this Court's conclusion that the ineffective assistance exception discussed in *Ex parte Nailor* and *Ex parte Torres* does not apply to Claims 1–4. Because Applicant's Claims 1–4 do not fall within this exception, there is no reason to remand this case to the trial court for further development of the record as to Applicant's claims of ineffective assistance of counsel. Even presuming that trial counsel performed deficiently in the manner alleged, this Court has already

---

4.  *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004).

5.  466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

6.  *Landor v. State*, No. AP–76,328, slip op. at 39–41.

held that the outcome of the proceeding was not affected by such deficient performance.

With these comments, I concur.