# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-70037

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2018

Lyle W. Cayce
Clerk

BILLIE WAYNE COBLE,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CV-39

Before STEWART, Chief Judge, DENNIS, and CLEMENT, Circuit Judges.
JAMES L. DENNIS, Circuit Judge:*

Billie Coble was convicted of capital murder and sentenced to death in a Texas state court in 1990. This court granted him habeas relief and ordered a retrial as to punishment. At his 2008 retrial, the State presented testimony by two problematic witnesses. The first, Dr. Richard E. Coons, a psychiatrist, testified that there was a probability that Coble would commit acts of violence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the future.  On direct appeal, the Texas Court of Criminal Appeals (CCA) concluded that Coons's testimony was unreliable and should have been excluded.  The second, A. P. Merillat, a Criminal Investigator with the Special Prosecution Unit, testified about prison violence.  Coble contends, and the State does not dispute, that parts of Merillat's testimony were fabricated.  Coble claims that the testimony of these witnesses violated his rights under the Eighth Amendment.  The CCA denied Coble's state habeas application, and the district court denied his application under 28 U.S.C. § 2254.  This court granted certificates of appealability as to whether "[t]he unreliable 'junk' science testimony of Dr. Coons" and "[t]he irrelevant, inflammatory, false, and perjured testimony of A. P. Merillat" violated Coble's constitutional rights.  *Coble v. Davis*, 682 F. App'x 261, 273–74 (5th Cir. 2017).  This appeal followed.[1]

## I. Standard of Review

We review the district court's resolution of questions of law de novo, applying the same standard as the district court.  *See Soffar v. Dretke*, 368 F.3d 441, 463 (5th Cir. 2004).  The district court's factual findings are reviewed for clear error.  *Id.*  As a general matter, federal courts may not grant habeas relief unless "the applicant has exhausted the remedies available in the courts of the State."  § 2254(b)(1)(A).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts must give substantial deference to state court decisions.  *See Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).  A federal court cannot grant habeas relief regarding any claim adjudicated on the merits in state court proceedings unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

---

[1] The court's order on Coble's application for a certificate of appellability, *Coble*, 682 F. App'x at 263–73, provides a detailed factual and procedural background.

Court of the United States . . . or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

## II. Coons's Testimony

A. <u>Background</u>

At the punishment phase of Coble's original trial, in 1990, Coons testified as an expert witness for the State. *Coble v. Quarterman*, 496 F.3d 430, 446 n.14 (5th Cir. 2007). Coons opined that there was a probability that Coble would continue to be dangerous in the future. *Id.* In 2008, following this court's grant of habeas relief to Coble, *see id.* at 448, Coble was retried, and Coons again testified for the State.

At the retrial, Coble objected to Coons's testimony and requested a *Daubert*[2] hearing. At the hearing, Coons testified that, in forming an opinion about future dangerousness, his methodology consisted of looking at the person's history of violence, attitude about violence, the offense conduct, the personality and general behavior of the person, the quality of their conscience, whether they show remorse, and where the person will be located within the prison system. He admitted that he had never published his methodology in an academic journal and that he had not read any of the scholarly articles and treatises provided by the State on the prediction of future dangerousness. Following the *Daubert* hearing, the trial court held that Coons qualified as an expert; that the subject matter of his testimony was appropriate for experts; and that his testimony would assist the jury in deciding the case.

In response to a lengthy hypothetical question that tracked the evidence against Coble, Coons testified that there was a probability that Coble would

---

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

commit acts of violence in the future.  The defense cross-examined Coons about his methodology.  During his cross-examination, Coons acknowledged that Coble did not have a single disciplinary report during his eighteen years on death row but theorized that death row inmates stay on good behavior while their appeals and collateral proceedings are pending.

The defense presented the testimony of Dr. Mark Cunningham, a forensic psychologist, nationally recognized for his research concerning factors that predict violence in prison and his research in capital sentencing. Cunningham opined that Coble was in the group least likely to commit acts of violence in the future.  He detailed multiple factors that point to Coble having a positive adjustment to prison and a reduced likelihood of serious violence in prison.[3]  Cunningham did not identify any factors that would put Coble at an increased risk of violence.  Cunningham's opinion was that there is a "very, very low probability" that Coble would commit serious violence if confined for life in prison.  He testified that his opinion is based on peer-reviewed scientific methodology.

Cunningham stated that, in contrast to his methodology, Coons's methodology for predicting violence in prison is notoriously unreliable and

---

[3] Cunningham testified that the risk of violence is high for inmates in their early twenties and falls steadily as they get older—Coble was nearly sixty years old at the time of the retrial in 2008.  Cunningham noted that Coble had no disciplinary record during the nineteen years he had been in prison, and there was no evidence that Coble had committed any acts of violence in prison; he explained that the longer an inmate remains compliant and without violent incidents the less likely it is that he will engage in violence in the future. According to Cunningham, inmates who have earned a high school diploma or a GED, like Coble has, have lower rates of violence in prison.  Cunningham further testified that individuals like Coble, who have had long-term employment in the community, are the best adapted in prison and contribute to the order and stability of the prison setting.  And Cunningham noted that Coble had maintained contact with friends and relatives while in prison and explained that inmates who continue to have links with the community tend to have better adjustments in prison and are less likely to present a risk of violence.

4

entirely speculative.  He testified that the major psychological associations considered Coons's subjective risk-assessment method unreliable and inconsistent with the standard of practice.  Cunningham stated that there was a 94.8 percent error rate in the accuracy of predictions of future dangerousness and only a 1.4 percent error rate in the accuracy of predictions of improbability of future dangerousness.

Coble challenged the admission of Coons's testimony on direct appeal and in the state habeas proceedings.  On direct appeal, he argued that Coons's testimony at Coble's trial should have been excluded based on both Texas rules of evidence and the Eighth Amendment.  In its decision, the CCA stated:

> In points of error three and four, appellant contends that Dr. Richard Coons's expert testimony concerning future dangerousness was not admissible under Rule 702 because it was insufficiently reliable. We agree. In point of error five, appellant asserts that this type of evidence fails to meet the heightened reliability requirement of the Eighth Amendment, but the United States Supreme Court, in *Barefoot v. Estelle*, [463 U.S. 880 (1983)] rejected this argument, and we are required to follow binding precedent from that court on federal constitutional issues.

*Coble v. State*, 330 S.W.3d 253, 270 (Tex. Crim. App. 2010).

Coble re-urged his constitutional claim in a state habeas petition, but the CCA determined that it was procedurally barred, presumably as a claim already presented and decided on appeal.  *Ex parte Coble*, No. WR-39,707-03, 2012 WL 405481, at *1 (Tex. Crim. App. Feb. 8, 2012) (citing *Ex parte Acosta*, 672 S.W.2d 470 (Tex. Crim. App. 1984) (CCA need not address a habeas claim that was raised and addressed on direct appeal)).

Coble asserted the same constitutional claim in his § 2254 application. The district court held that Coble failed to identify a constitutionally cognizable claim for which federal habeas relief may be granted because the evidence he complained of were not "so extreme that they constitute a denial

No. 15-70037

of fundamental fairness."    The court also concluded that any error was harmless because Coble failed to show actual prejudice under the *Brecht*[4] standard, particularly in the light of the extensive and detailed cross-examination to which Coons was subjected and the contradicting testimony of Cunningham, Coble's expert.

B. Analysis

As an initial matter, Coble argues that our review of this claim is not constrained by AEDPA because the CCA did not adjudicate his claim that Coons's testimony in this case violated the Eighth Amendment.  Although the State maintains that the CCA did adjudicate the claim on the merits, through its determination that *Barefoot* forecloses the argument, Coble responds that his claim that the admission of Coons's testimony in his particular case was unconstitutional was not addressed by the CCA's conclusion that *Barefoot* foreclosed a categorical challenge to psychological future-dangerousness evidence.  We need not decide, however, what standard applies because Coble's claim cannot succeed even under de novo review.

Coble argues primarily that the introduction of Coons's unreliable testimony violated the Eighth Amendment's heightened reliability requirement for capital cases.  We are bound to reject this argument.  The Supreme Court has recognized that the Eighth Amendment requires heightened reliability in death penalty cases. *E.g.*, *Spaziano v. Florida*, 468 U.S. 447, 456 (1984) ("We reaffirm our commitment to the demands of reliability in decisions involving death.").  However, this court has explained, "[W]here the [Supreme] Court discusses the need for reliability in the Eighth

---

[4] *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) (holding that an error is harmless unless it resulted in a "substantial and injurious effect or influence in determining the jury's verdict").

Amendment context, it is not talking about the appropriate sources for information introduced at sentencing or even, more generally, about the reliability of evidence." *United States v. Fields*, 483 F.3d 313, 336 (5th Cir. 2007). Instead, "[r]eliable death sentences, under the Eighth Amendment, are those that result from a sentencing scheme that guards against arbitrariness by streamlining discretion at the eligibility stage, and then allows for the exercise of wide-ranging discretion at the selection stage." *Id.* Notably, Coble does not point to a single case in which a court found the admission of unreliable evidence to violate the Eighth Amendment. Accordingly, Coble presents no cognizable Eighth Amendment claim.

A constitutional claim concerning the admission of unreliable evidence may be cognizable under the Due Process Clause of the Fourteenth Amendment "when evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice.'" *Perry v. New Hampshire*, 565 U.S. 228, 237 (2012) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). However, Coble does not argue in his brief on appeal that the admission of Coons's testimony violated the Due Process Clause, nor has he exhausted such a claim before the state courts. We therefore cannot consider whether the admission of Coons's testimony violated Coble's due process rights. *See* § 2254(b)(1)(A). Coble has therefore failed to establish a constitutional violation.

### III.  Merillat's Testimony

The State presented Merillat's testimony in its rebuttal to Cunningham's testimony at Coble's penalty retrial. Merillat, a Criminal Investigator with the Special Prosecution Unit, which prosecutes crimes committed in prisons or by employees of the prison system, testified that many violent acts committed in prison go unreported and that there are abundant opportunities for such

violence.   As an example of unreported prison violence, he testified that a general-population inmate at the Telford Unit in Bowie County was beaten, tortured, and starved to death by his cellmate and was discovered dead in his cell long after he had died.  Coble claims that Merillat fabricated the Telford Unit incident.

On direct appeal, Coble challenged the admission of Merillat's testimony, generally, on several grounds, though he did not contend that Merillat's testimony was fabricated.  In his state habeas application, Coble asserted that Merillat's testimony was fabricated and that it violated the Eighth Amendment's heightened reliability requirement.  The CCA rejected this claim as procedurally barred, apparently as a claim already presented and decided on appeal.  *Coble*, 2012 WL 405481, at *1 (citing *Acosta*, 672 S.W.2d 470 (CCA need not address a habeas claim that was raised and addressed on direct appeal)).  Coble advanced the same claim in his § 2254 application.  The district court denied relief after holding, inter alia, that any error in the admission of Merillat's testimony was harmless because it was only a small part of the State's case.

Before this court, Coble argues that Merillat's testimony regarding the Telford Unit incident violated the Eighth Amendment's heightened reliability requirement.  He disclaims any contention that the State knew of the false nature of Merillat's testimony at the time of his retrial.  Coble raised this claim in both his state and federal habeas application, and it is therefore properly before us.

As previously explained, this court has held that the Eighth Amendment does not affect the admissibility of evidence vel non.  *See Fields*, 483 F.3d at 336.   Coble provides no other support for his proposition that the State's unknowing presentation of materially inaccurate evidence violates a

defendants constitutional rights.     Accordingly, Coble's claim fails on the merits.

## IV.  Conclusion

For these reasons, we AFFIRM the district court's judgment.