# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41230

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

LUTHER EUGENE CALDWELL,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:13-CV-93

Before SMITH, BARKSDALE, and HO, Circuit Judges.

PER CURIAM:*

We granted Luther Caldwell a certificate of appealability on his claim
that the state trial court denied him the full opportunity to raise an
alternative-perpetrator defense. Because Caldwell has failed to show that the
state court's decision was "contrary to" or an "unreasonable application of"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-41230

federal law, his claim falls under 28 U.S.C. § 2254(d)'s relitigation bar.  We affirm.

## I.

The State of Texas tried Caldwell for the murder of Greg Thomas.  After the first jury could not reach a verdict, the second jury found Caldwell guilty of murder and sentenced him to life in prison.  Prosecutors primarily relied on Donna Taylor's testimony.  She testified that she was walking with Thomas when she witnessed Caldwell drive by and shoot Thomas out of the car window.  Taylor alerted the police and identified Caldwell in a photo lineup.

On direct appeal, Caldwell contended that the trial court denied him the opportunity to present specific evidence of an alternative perpetrator.  The court of appeals affirmed.  *See generally Caldwell v. State*, 356 S.W.3d 42 (Tex. App.—Texarkana 2011, no pet.).  Caldwell failed to file a timely petition for review in the Texas Court of Criminal Appeals ("CCA").

On state collateral review, Caldwell raised the same argument, which the CCA denied on the recommendation of the district court.  The district court did not consider the merits of the alternative-perpetrator defense because the court of appeals already considered it on direct review.  *See, e.g., Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984) ("We need not address applicant's second contention inasmuch as the same issue was raised and addressed by [a court of appeals] on applicant's direct appeal.").

Caldwell then filed a petition for habeas corpus in federal court raising eight points of error.  The district court denied Caldwell's petition, and we granted a certificate of appealability.

Proceeding *pro se*, Caldwell contends that the state trial court denied him the opportunity to present a full defense that Johnny Ward committed the crime.  The court did not exclude all evidence of an alternative perpetrator—in fact, it allowed Caldwell's counsel to cross-examine the State's witnesses and

No. 16-41230

establish that police investigated Ward for the murder. But the court excluded two pieces of evidence that Caldwell considers critical. First, the court excluded evidence that Thomas identified Ward to investigators as the shooter in a separate incident a few days before Thomas's murder. Caldwell intended to introduce this evidence to show that Ward had motive to kill Thomas. Second, the court excluded a computer entry about the same separate incident. The entry said that the State would not prosecute Ward because, "DEFENDANT CHARGED W/ MURDER OF THE ONLY WITNESS IN THIS CASE." *Caldwell*, 356 S.W.3d at 46. He intended to introduce this evidence to show that the State considered Ward a suspect in Thomas's murder and may have planned to prosecute him. Without this evidence, Caldwell argues he was not able to present his full defense that Ward killed Thomas.

## II.

Reviewing a denial of habeas relief, "we examine factual findings for clear error and issues of law de novo." *Barrientes v. Johnson*, 221 F.3d 741, 750 (5th Cir. 2000) (citing *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999)). Because the state considered the merits of Caldwell's claim, he must show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). And even if we conclude there was constitutional error, we may not afford relief unless "the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). We conclude that the

3

No. 16-41230

state court's decision was neither contrary to nor an unreasonable application of federal law.[1]

## A.

We begin with a discussion of what is "clearly established federal law." To be "clearly established" for habeas relief, the Supreme Court must squarely address and decide the issue. *See Thomas v. Vannoy*, 898 F.3d 561, 566 (5th Cir. 2018) (quoting *Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015) (per curiam); *Williams v. Taylor*, 529 U.S. 362, 412 (2000) ("*Terry Williams*")). We may not "'fram[e] [Supreme Court] precedents at . . . a high level of generality' and declare a principle to be clearly established when the Court has yet to squarely consider it." *Id.* (alterations in original) (quoting *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (per curiam)).

Caldwell contends that the state court's decision violates the Supreme Court's precedents guaranteeing "'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (collecting authorities) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Specifically, he argues that the court's exclusion of particular evidence about a purported alternative perpetrator runs afoul of cases like *Crane* and *Holmes v. South Carolina*, 547 U.S. 319, 324–29 (2006). The general proposition in those cases is that "rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote" may violate a defendant's right to present his defense. *Holmes*, 547 U.S. at 326.

---

[1] Caldwell frames the issue as an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2) in his Issue Presented, but relies on legal arguments that better reflect § 2254(d)(1)'s focus on legal error. "We review questions of law and mixed questions of law and fact under the 'contrary to' and 'unreasonable application' prong of 28 U.S.C. § 2254(d)." *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001) (citing *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997)).

No. 16-41230

But the Court employs that general rule to address situations unlike the one here.  The Court's cases typically focus on categorical prohibitions of certain evidence and not discretionary decisions to exclude evidence under general and otherwise uncontroversial rules.  *See id.* at 324–29; *Clark v. Arizona*, 548 U.S. 735, 756–57, 765 (2006) (declining to consider a rule limiting expert psychiatric testimony to insanity defenses and excluding its application to mens rea defenses); *United States v. Scheffer*, 523 U.S. 303, 306–09 (1998) (upholding a military rule of evidence prohibiting polygraph examination results); *Rock v. Arkansas*, 483 U.S. 44, 56, 62 (1987) (holding unconstitutional a rule prohibiting "hypnotically refreshed testimony"); *Chambers v. Mississippi*, 410 U.S. 284, 294, 298 (1973) (holding unconstitutional, as-applied, a rule prohibiting parties from impeaching their own non-adverse witnesses); *Washington v. Texas*, 388 U.S. 14, 22–23 (1967) (holding unconstitutional a rule prohibiting unacquitted participants in a crime from testifying to defend other participants).

The cases Caldwell points to are similarly unavailing.  For example, in *Crane* the Court held that a rule preventing a defendant from providing evidence about the circumstances of his voluntary confession was unconstitutional.  476 U.S. at 691.  And in *Holmes*, the Court declared unconstitutional a prohibition on defendants' offering evidence of third-party guilt when the prosecution's evidence is strong enough.  547 U.S. at 329–31.

The Supreme Court has consistently held that defendants have a right to offer evidence of an alternative perpetrator. *Id.* at 327.  But this right exists alongside a similarly longstanding principle that trial courts may exclude evidence if its "probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* at 326 (collecting rules of evidence).  *See also Jackson,* 569 U.S. at 511 ("No decision of [the Supreme] Court clearly establishes that the exclusion of

No. 16-41230

[evidence that may confuse the jury, embarrass the victim, surprise the prosecution, or unduly prolong the trial] violates the Constitution."); *Scheffer*, 523 U.S. at 308 (collecting cases).   Therefore, because evidence of an alternative perpetrator is often "remote and lack[s a] connection with the crime," it "may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial." *Holmes*, 547 U.S. at 327 (internal quotation marks omitted) (quoting 41 C.J.S., Homicide § 216, 56–58 (1991); 40A Am. Jur. 2d, Homicide § 286, 136–38 (1999)).

### B.

The state court's decision was not "contrary to" clearly established federal law because it neither (1) reached a contrary conclusion of law nor (2) "confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent" and reached the opposite result. *Terry Williams*, 529 U.S. at 405.   Here, because the order on collateral review did not consider the merits of Caldwell's claims, we "look through" to the last state court decision to do so:  the state intermediate appellate court's decision on direct review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804–06 (1991).

First, the state court of appeals did not reach a contrary conclusion of law.  A state court does not need to expressly identify the federal standard. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) ("Avoiding [§ 2254(d)(1)'s] pitfalls . . . does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

Indeed, the state court of appeals relied on a state standard that accords with the federal standard. *Compare Holmes*, 547 U.S. at 326 ("[W]ell-established rules of evidence permit trial judges to exclude evidence if [the evidence's] probative value is outweighed by certain other factors such as

unfair prejudice, confusion of the issues, or potential to mislead the jury.") *and id.* at 327 (quoting 41 C.J.S., Homicide § 216, 56–58 (1991); 40A Am. Jur. 2d, Homicide § 286, 136–38 (1999)), *with Wiley v. State*, 74 S.W.3d 399, 406 (Tex. Crim. App. 2002) ("In weighing probative value against [prejudicial] counterfactors, courts must be sensitive to the special problems presented by 'alternative perpetrator' evidence.  Although a defendant obviously has a right to attempt to establish his innocence by showing that someone else committed the crime, he still must show that his proffered evidence regarding the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the alleged 'alternative perpetrator.'").

Second, this case does not present "facts that are materially indistinguishable from a relevant Supreme Court precedent." *Terry Williams*, 529 U.S. at 405.  The cases that Caldwell points to—and the rest of the Court's precedents—do not involve a situation like this.  *See* Section II.A.

## C.

Because Caldwell cannot prevail on his claim that the state court's decision was "contrary to" federal law, he must show that it was an "unreasonable application" of federal law.   To be an "unreasonable application," there must be "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (emphasis added).  We limit ourselves to the record before the state court, and we defer to the state court's factual findings unless overcome by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Evidentiary questions are necessarily mixed questions of law and fact and "[t]he presumption of correctness . . . applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v.*

*Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (internal citations omitted) (collecting cases).  The combined effect of these rules sets an intentionally high bar that Caldwell does not meet.

The state court of appeals correctly concluded that "the trial court's ruling was in the zone of reasonable disagreement." *Caldwell*, 356 S.W.3d at 48.  The trial court did not exclude all evidence of an alternative perpetrator; instead it allowed Caldwell to develop his theory through cross-examination.  The trial court only excluded some evidence, and it did so after hearing most of the testimony in the case—including Taylor's crucial eyewitness testimony.  Before the judge, Caldwell emphasized that (1) Ward had allegedly shot at Thomas a few days before the murder with a similar weapon, (2) Thomas identified Ward as the shooter to investigators, and (3) the computer entry indicated that someone investigating the shooting believed that Ward murdered Thomas.  The State responded that, among other facts, Taylor's testimony—in which she was specifically asked whether Ward committed the crime and whether she could have confused Caldwell for Ward—precluded any nexus between Ward's alleged shooting and Thomas's murder.  Taylor was familiar with Ward and his car because she previously lived in Ward's residence, bought drugs from Ward, and had driven his car.

The state court tailored its evidentiary exclusion to (1) evidence of another crime that (2) lacked a sufficient connection to Thomas's murder and (3) would confuse the jury.  *Id.* (quoting trial transcript).  Based on its consideration of the evidence offered to that point, the state court reasonably concluded that the prejudicial effect of the evidence outweighed its probative value.  This is precisely the inquiry that cases like *Holmes* would have trial courts make.  *See* 547 U.S. at 326–27.  Caldwell has not presented "clear and convincing evidence" that the state court's appraisal of the prejudicial effect of

No. 16-41230

the testimony was incorrect. 28 U.S.C. § 2254(e)(1). Any purported error here falls well within the range of reasonable disagreement.

D.

In the alternative, Caldwell requests an evidentiary hearing on his claim under 28 U.S.C. § 2254(e)(2). But because Caldwell was able to develop his claim in state court, we deny this request. *See id.* (permitting an evidentiary hearing only "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings").

III.

Caldwell has failed to carry his burden and we AFFIRM the judgment of the district court.