

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,171-01

### EX PARTE DEQUANN DEONTAE FORGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. D-44,150-A IN THE 358TH DISTRICT COURT FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated robbery and was placed on deferred adjudication community supervision. The trial court later revoked the probation and sentenced Applicant to forty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges his revocation counsel was deficient regarding a sentencing recommendation from the State, which Applicant says was for a five-year sentence. Applicant says his counsel "convinced him that, at a hearing to adjudicate, the court would reinstate [Applicant] to straight probation because his violations are technical violations and he has not reoffended with another offense ." The trial court, however, revoked the probation and assessed a 40-year sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

Applicant also claims that revocation counsel was deficient regarding the imposition of a disproportionate sentence. The appellate court has already rejected this claim. *Forge v. State*, No. 11-17-00030-CR (Tex. Crim. App.—Eastland del. Jan. 10, 2019). It may not be re-litigated in habeas. *Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).

The trial court shall resolve the disputed factual issues. The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 13, 2021
Do not publish